IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN DAGOSTIN, MOIRA DAGOSTIN, :
BOGUSLAWA BANDURSKA, and :
WOJCIECH BANDURSKA, :
:
Plaintiffs, :
:
v. : CIVIL ACTION NO. 3:CV-08-1131
: (JUDGE KOSIK)
GEORGE MOORE, :
:
Defendant. :

## M E M O R A N D U M and O R D E R

In this matter we have two separate negligence cases which were filed in Luzerne
County and removed to the U.S. District Court for the Middle District of Pennsylvania based
on diversity jurisdiction. After removal, the cases were consolidated because each action
arose from the same accident and against the same defendant.

While the matter is ripe for trial, there are two motions by Defendant. First, a motion
in limine to preclude any evidence of Defendant's citation and ultimate conviction in a
vehicular offense of running through an intersection where the signal light was red. It
appears that Defendant only appeared at trial through his counsel. After conviction, there
was no appeal.

A second motion was filed by Defendant on December 31, 2008 to amend his
answer in one of the cases in order to assert a cross claim against one of the plaintiffs.

## Discussion and Conclusion

We have ruled by separate memorandum and order that the motion in limine to preclude Plaintiffs from offering evidence of Defendant's summary conviction of running through a red light, resulting in the accident was granted. However, we did not preclude offering a finding of guilt to impeach Defendant's credibility in the event he asserts that he did not run the red light. This will leave the issue for the jury.

Discovery in this case was scheduled to be completed by the end of November, 2008. In the absence of any motions, on December 15, 2008, a pre-trial conference was scheduled for January 7, 2009 and then continued at the request of counsel until January 27, 2009.[1] Although the in limine motion was timely, the motion to amend was not because it was filed after the order setting a pre-trial conference.

At the pre-trial conference on January 27, 2009, a case action memorandum notes that no brief was filed to support the motion to amend. It was noted that there was no objection to the motion, and the court further noted that if the motion in limine to preclude Plaintiffs from offering the summary conviction to keep Defendant from contesting his liability was granted, we would allow the cross claim.

Although the in limine motion does in fact preclude evidence of the summary

---

[1]The Court's Standing Order No. 1 allows for dispositive motions to be filed within 20 days after discovery concludes. It also provides for a pre-trial conference if no motions are filed. This procedure was followed in this case.

conviction as part of Plaintiffs' case in chief, it does not foreclose the matter's admissibility entirely. As a practical matter, we do not believe the condition to granting the motion to amend has been satisfied. In such circumstance, we see little or no value in allowing the cross claim. In fact, granting the motion might prejudice the claim of the second Plaintiff who appears to be free of any negligent involvement.

Accordingly, the motion to amend is denied.


Edwin M. Kosik
United States District Judge

Dated: April 27, 2009